UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIO DARNELL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:10-CV-1790-CDP |
| | ) |
| ST. LOUIS COUNTY POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Mario Darnell Smith for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The complaint

Plaintiff, a resident at the Dismas House in St. Louis, Missouri, seeks monetary and injunctive relief in this action against the St. Louis County Police Department, Florissant Police Department, Bolin Services, and police officers Robert Vogal, Patrick O'Neill, Jason West, Unknown Easton, and Robert Sweeso.

Plaintiff alleges that defendant Vogal issued a "24 hour hold pick up order for the plaintiff for bank robbery when he didn't have probable cause to arrest him." He further alleges that defendants O'Neill, Easton, and Sweeso illegally arrested him on April 15, 2009, and in the presence of defendant West, assaulted him, resulting in serious personal injuries. Thereafter, the St. Louis County Police

Department and defendant Vogal allegedly seized plaintiff's car, without having first obtained a warrant to do so. Plaintiff claims that Bolin Services towed his automobile and subsequently obtained title ownership, without his permission. Plaintiff seeks the return of his vehicle.

Plaintiff states that the jurisdictional grounds for filing this action in Federal Court are the Fourth, Fifth, and Fourteenth Amendments. As such, the Court will liberally construe the complaint as having been brought under 42 U.S.C. § 1983.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous as to defendants St. Louis County Police Department and Florissant Police Department, because police departments are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).

Moreover, as to plaintiff's false arrest claims, it is settled law that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that the conviction or sentence has been

reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff pleaded guilty to a charge of being a felon in possession of a firearm arising from the same stop and arrest of which he complains in this case. *See United States v. Mario Darnell Smith*, 4:09CR278 HEA, and he does not allege that his conviction or sentence has been reversed, expunged, invalidated, or called into question, and therefore, the Court must dismiss his false arrest claims.

Additionally, plaintiff is suing defendant police officers Robert Vogal, Patrick O'Neill, Jason West, Unknown Easton, and Robert Sweeso in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including only official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain

4

any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Thus, as to the individual police officers, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

The complaint is also legally frivolous as to defendant Bolin Services. To maintain an action for the intentional or negligent deprivation of property under § 1983, a plaintiff must show that a defendant acted under color of state law and that he has no adequate post-deprivation state remedy to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Harris v. St. Louis Police Dept.*, 164 F.3d 1085 (8th Cir. 1998)(police officer's destruction of plaintiff's bus pass not actionable under § 1983, because plaintiff has adequate postdeprivation remedy in Missouri state court for conversion). Thus, if the taking of property is intentional, and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Id.*; *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Reese v. Kennedy*, 865 F.2d 186, 187 (8th Cir. 1989)(state tort remedies preclude § 1983 claim for deprivation of property); *Maples v. United Sav. & Loan Ass'n*, 686 S.W.2d 525, 527 (Mo.Ct.App. 1985)(defining conversion as "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the

owner's rights"). In the instant case, plaintiff does not allege that he lacks an adequate postdeprivation remedy, nor does he claim that Bolin Services is a state actor. Furthermore, regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to property).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Mario Darnell Smith v. St. Louis County Police Department, Florissant Police Department, Bolin Services, Robert Vogal, Patrick O'Neill, Jason West, Unknown Easton, and Robert Sweeso*.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of January, 2011

_____
**UNITED STATES DISTRICT JUDGE**